36 F.3d 1092
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Freddie L. JACKSON, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-1072.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 26, 1994.
Decided: September 20, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Orangeburg. William B. Traxler, Jr., District Judge. (CA-93-1034)
 William T. Toal, Johnson, Toal & Battiste, P.A., Columbia, South Carolina, for Appellant.
 Frank W. Hunger, Assistant Attorney General, Bruce P. Granger, Chief Counsel, Mack A. Davis, Deputy Chief Counsel, Mary Ann Sloan, Principal Regional Counsel, J. Patrick Powers, Assistant Regional Counsel, Department of Health and Human Services, Atlanta, Georgia, for Appellee.
 D.S.C.
 AFFIRMED.
 Before MICHAEL and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Freddie L. Jackson ("Jackson") appeals from a magistrate judge's decision upholding the finding of the Secretary of Health and Human Services ("the Secretary") that he was not entitled to disability benefits.* Because we find that substantial evidence supports the Secretary's decision, we affirm.
 
 
 2
 Jackson filed applications for benefits in February 1992 and alleged disability due to injuries he sustained in an automobile accident in January; these injuries included a broken pelvis, a broken left leg, broken ribs, and a facial injury. The applications were denied, and the regional commissioner found the denial of benefits appropriate upon reconsideration. Jackson then requested a hearing before an administrative law judge ("ALJ"), at which he testified and presented witnesses. The ALJ determined that though Jackson's injuries precluded him from performing his past work, he was not disabled because he could still perform a full range of sedentary work. The Appeals Council denied Jackson's request for review, and the ALJ's decision therefore became the final decision of the Secretary. Jackson then filed a civil action in the district court, and a magistrate judge affirmed the Secretary's decision, which he appealed to this Court.
 
 
 3
 This Court must assess on appeal whether substantial evidence supports the Secretary's decision and whether the conclusions reached by the Secretary are legally correct under the controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). It is the duty of the ALJ reviewing the case, not the courts, to make findings of fact and to resolve conflicts in the evidence. Id."Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. It is not within the province of the reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his judgment is supported by substantial evidence. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966).
 
 
 4
 The ALJ determined that though Jackson was "unable to return to his past relevant work in the steel industry and in the construction industry which required medium to heavy exertion," he was "unrestricted in his ability to sit, use his hands for manipulating objects, walk and stand for limited periods of time necessary to carry out duties, and lift and carry at least 10 pounds at a time." The ALJ then considered Jackson's age, education and work experience and his residual functional capacity for a full range of sedentary work which he regained within a twelve-month period of his alleged onset of disability and applied 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1 ("the grids"). In applying the grids to Jackson, the ALJ determined that a significant number of sedentary jobs exist in the economy that he could perform. Therefore, the ALJ determined that Jackson is not disabled and is not entitled to benefits.
 
 
 5
 The records of Jackson's treating physicians disclose that he never voiced any complaints that he was uncomfortable sitting. Though there are documented complaints concerning discomfort in standing or walking, the medical records also disclose improvement in Jackson's condition as his injuries healed. No treating physician placed any restrictions on Jackson's ability to perform sedentary work. As the ALJ noted, Jackson is not taking any prescription medication for his pain and reports from his treating physician note "progressive healing and increasing function."
 
 
 6
 Jackson alleges that his testimony at the administrative hearing establishes a significant sitting impairment. Testimony from Jackson and his wife on the subject is ambiguous at best. Jackson testified that he had difficulty getting up after sitting for a prolonged period of time, not that he suffered pain while sitting. Jackson's wife testified that he performed some light household chores and that he had not expressed discomfort while sitting.
 
 
 7
 Because we find that substantial evidence supports the Secretary's decision that Jackson is not disabled, we affirm the magistrate judge's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The parties consented to the jurisdiction of a magistrate judge under 28 U.S.C.A. Sec. 636(c) (West 1993)